Memorandum. The order of the Appellate Division (51 AD2d 282) is affirmed, with costs. That court correctly determined, upon the record before it, that the natural mother had not abandoned the child within the meaning of section 111 of the Domestic Relations Law in effect at the time this adoption proceeding was commenced or, as we think also, within the meaning of that section as amended by chapter 666 of the Laws of 1976 (see, e.g., Matter of Susan W. v Talbot G., 34 NY2d 76). The heavy burden of proving abandonment (Matter of Bistany, 239 NY 19; Matter of Cocozza v Antidormi, 35 AD2d 810) has not been met by petitioner, who married the natural father following the parents’ divorce. Even with the change, if indeed applicable,* wrought by the amendment to section 111 of the Domestic Relations Law (L 1976, ch 666, § 9), lightening the burden of proving abandonment, the burden remains a heavy one, especially if constitutional limitations are to be observed (see Matter of Bennett v Jeffreys, 40 NY2d 543, 548).
Reliance by the Surrogate on the provisions of section 371 of the Social Services Law, in focusing upon the mother’s intent in measuring her conduct as a yardstick or predicate for a finding of abandonment, was inappropriate. That section and article 6 of the Social Services Law within which it is found, deal not with the question of abandonment sufficient to negative the required consent by a natural parent in adoption proceedings, but relates to custody cases dealing with the State’s role in the care and protection of neglected or deprived children.
*896 We do not agree with the analysis advanced by the dissenter and his application of the standards sought to be imposed based on the facts of this case. This proceeding, brought by the father’s second wife, seeking to deprive a mother of parenthood, was commenced in April, 1974, and involves a young man about to reach his majority. In the context of the factual background of this case, it is regrettable that this long controversy has, as is often the case, engendered bitterness between the adult litigants. Often, such charges and countercharges are not conducive to the completely satisfactory resolution of such a highly sensitive and delicate problem.
The Appellate Division found, for which there is adequate support in the record, that the natural mother permitted the son to live with the father, a man of substantial means, during times when she was undergoing two serious operations. The latest was in 1968 when she was required to undergo a laminectomy, a serious surgical procedure necessitating a lengthy hospitalization and convalescence. Testimony also revealed, as found by the court below, that the mother continued to communicate with her son and sent him gifts. The testimony also revealed that by agreement, the son was sent to visit his mother in Westchester by chauffeured limousine on weekends. It is undisputed that these visits began to be more infrequent and, upon inquiry, she was told by the father that the boy was busy and otherwise engaged. She also testified that she requested the father to return the boy to her custody as provided in and by a prior separation agreement, but she was not successful. Additionally, there was testimony that phone calls to her husband’s home were also rebuffed and that she was told " 'You cannot see him on Saturdays anymore or on weekends. Out. Completely.’ * * * In other words, 'Just stay back there’ ”. It is clear, therefore, that petitioner has not met the heavy burden of proving abandonment on the part of the natural mother; nor, in fact, has she demonstrated that the mother evinced "an intent to forego * * * her parental or custodial rights and obligations” as required by the most recent amendment of section 111 of the Domestic Relations Law (L 1976, ch 666, § 9). Thus, we find no warrant for a determination that the status of parenthood be dissolved.

 We note that, while this amendment became effective January 1, 1977, the Legislature expressly provided that it should not be construed "so as to alter, affect, impair, defeat or restore any rights * * * accrued, incurred, conferred or terminated prior to the effective date of this act” (L 1976, ch 666, § 35).